UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Howard Yennie and
Sheila Ann Yennie,                                    Civil No. 05-123 JRT/FLN

      Plaintiff,

      v.                                             **REPORT AND RECOMMENDATION**

William H. Ringwood, et al.,

      Defendants.

___

Joseph Howard Yennie and Sheila Ann Yennie, pro se, as Plaintiff, no appearance.
Brent Lindahl, for Defendants Washington Mutual Home Loans, North American Mortgage Co., and William H. Ringwood.
Barbara Berens, for Defendants William B. Harrison and Bank One, N.A.

___

**THIS MATTER** was set for a hearing before the undersigned United States Magistrate Judge on April 22, 2005, on the Parties following Motions: (1) Motion to Dismiss by Defendants Washington Mutual Bank, as successor by operation of law to North American Mortgage Co., and William H. Ringwood [#3]; (2) Motion to Dismiss by Defendants William B. Harrison and JPMorgan Chase Bank, N.A., sucessor by merger to Bank One, N.A. [#7]; (3) Plaintiffs' Request for Entry of Default Judgement [#28]; and (4) Plaintiffs' Request for Writ of Mandamus [#20]. Counsel for Defendants were present, however, pro se Plaintiffs were not. The Court did not hold a hearing and the Report and Recommendation for this Motion is based on the parties' written submissions. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that Defendants' Motions to Dismiss [#3 and #7] be Granted, and Plaintiffs' Requests for Default Judgment [#28] and for Writ of Mandamus [#20] be Denied as moot.

## I. BACKGROUND

The parties involved in this case are the following: Plaintiffs Joseph Howard Yennie and Sheila Ann Yennie; and Defendants (1) Washington Mutual Bank, FA ("Washington Mutual"), as successor by operation of law to North American Mortgage Co.; (2) William H. Ringwood ("Ringwood"); (3) William B Harrison ("Harrison"); and (4) JPMorgan Chase Bank, NA ("JPMorgan"), as successor by merger to Bank One, N.A. Defendant Washington Mutual, its subsidiary North American Mortgage Co., and Defendant Ringwood jointly move to Dismiss Plaintiffs' Complaint [#3]. Defendant JPMorgan, on behalf of Bank One, N.A., and Defendant Harrison also moves to Dismiss Plaintiffs' Claims [#7].

While Plaintiffs' Complaint itself is difficult to decipher, based on the numerous exhibits attached to the Complaint, Plaintiffs' claims seemingly relate to a mortgage loan Plaintiffs received from North American Mortgage Co. in October 1998. (See Complaint [#1]; Exhibits #2-13 to Complaint [#1]). North American Mortgage Co. was later acquired by the parent of Washington Mutual, and then merged into Washington Mutual. Defendant Ringwood was an employee of Washington Mutual who corresponded with the Plaintiffs regarding their loan. (See Id.). Plaintiffs defaulted on their mortgage loan and Washington Mutual foreclosed on their property around May 2003. (See Exhibits # 7-12 to Complaint [#1]). Bank One acquired the property from foreclosure and brought a state court action to evict Plaintiffs from the property. (Id.). JPMorgan is the successor by merger to Bank One, N.A. In response to the foreclosure and eviction, Plaintiffs filed the Complaint at issue. Defendant Washington Mutual, on behalf of North American Mortgage Co., and Defendant Ringwood, along with Defendant JPMorgan on behalf of Bank One, N.A. and Defendant Harrison, now move to Dismiss Plaintiffs' Complaint pursuant to the Federal Rules of Civil Procedure 8(a) and 12(b)(6).

2

## II.  STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

A party may bring a motion to dismiss under 12(b)(6) for the failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In the case of a defendant's motion to dismiss, the complaint should only be dismissed if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him or her to relief.  Schaller Tel. Co. v. Golden Sky. Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citing Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993)); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998)(a motion to dismiss is properly granted when there is no set of facts that would allow the plaintiff to recover).  The court is limited to considering the allegations of the complaint.  County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 n.3 (8th Cir. 1997).  The Court is to assume the facts pleaded as true and to construe the facts in a light most favorable to the plaintiff.  Gebhardt v. Con Agra Foods, Inc., 335 F.3d 824, 829 (8th Cir. 2003) (citing United States v. Aceto Agr. Chemicals Corp., 872 F.2d 1373, 1376 (8th Cir. 1989)).  The complaint, however, "must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirement of the claim to avoid dismissal."  DuBois v. Ford Motor Credit Company, 276 F.3d 1019, 1022 (8th Cir. 2002).  A dismissal under 12(b)(6) should only be granted when a plaintiff includes "allegations that show on the face of the complaint that there is some insuperable bar to relief."  Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997); Frey v. City of Herculaneum, 44 F.3d 667, 6761 (8th Cir.1995) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).

## III.  LEGAL ANALYSIS

Defendants Washington Mutual and Ringwood allege that Plaintiffs' Complaint should be dismissed because it is frivolous, unintelligible, and fails to articulate any basis for relief against Defendants.  Defendant JPMorgan, on behalf of Defendants Bank One and Harrison argue that the Complaint fails to state any claim against Harrison or JPMorgan upon which relief can be granted and fails to put these Defendants on notice of the basis of any claims.

Complaints that are unintelligible, rambling, and do not set forth a short and plain statement of the claim, or any claim for which relief may be granted, may be dismissed pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  See White v. U.S., 588 F.2d 650, 651 (8th Cir. 1978). That a court is to liberally construe the pleadings of a pro se litigant, is not a bar to finding a plaintiff has failed to meet the requirements of these Rules.  See Atkinson v. Bohn, 91 F.3d 1127 (8th Cir. 1996).

Plaintiffs' Complaint in this case is incomprehensible and fails to meet even liberal pleading standards, or set forth a claim for which relief may be granted.  The Complaint begins stating: "Comes now, Joseph-Howard: Yennie, et uxor, making a special visitation by absolute ministerial right to the district court, "Restricted Appearance" Rule E(8).  Respondant(s) has been making false claims and this counterclaim and notice of lis pendens are now in the 'original exclusive cognizance' of the United States of America through the district court ~ see the "First Judiciary Act" of September 24, 1789, Chapter 20, page 77."  (See Complaint, 1).  The Complaint goes on to cite International Law as grounds for jurisdiction to hear Plaintiffs' claims, and intersperses areas of Admiralty law and IRS protocol in support of its unintelligible arguments.  Plaintiffs' allegations are undecipherable and their reliance on random statutes and laws do not support a cause of action against Defendants.  At no point does the Complaint set forth a short and plain statement of Plaintiffs' claims, nor does it put Defendants on notice as to what claims are being brought against

4

them. Indeed, besides alleging the Defendants are "foreign agents" and making vague references to theft and kidnap, the Complaint does not allege specific wrongdoing by Defendants or identify the relevant laws Defendants supposedly violated.

For the reasons set forth above, this Court finds that Plaintiffs' Complaint is largely incomprehensible. The Complaint fails to set forth a short and plain statement of Plaintiff's claims or any claim for which relief may be granted. As such, Defendants' Motions [#3 and #7] should be Granted and Plaintiff's Complaint should be Dismissed as to all Defendants.

## IV. RECOMMENDATION

Based upon all the files, record and proceedings herein, **IT IS HEREBY RECOMMENDED** that the:

(1)  Motion to Dismiss by Defendant Washington Mutual Bank, as successor by operation of law to North American Mortgage Co., and Defendant William H. Ringwood [#3], should be **GRANTED**;

(2)  Motion to Dismiss by Defendants William B. Harrison and JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A. [#7], should be **GRANTED**;

(3)  Plaintiffs' Request for Entry of Default Judgement [#28], should be **DENIED as moot**; and

(4)  Plaintiffs' Request for Writ of Mandamus [#20], should be **DENIED as moot**.


Dated: July 8, 2005                                  s/ *Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 27, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636

to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 27, 2005** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.